UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEAKETHIA BRACKEN
and NYLA MANNEY,

        Plaintiffs,

  v.

STATE OF WISCONSIN,

        Defendant.

Case No. 24-cv-698-pp

---

**ORDER ADOPTING JUDGE DRIES'S RECOMMENDATION (DKT. NO. 4), DENYING AS MOOT PLAINTIFF KEAKETHIA BRACKEN'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEES (DKT. NO. 2) AND DISMISSING CASE WITHOUT PREJUDICE**

---

      On June 5, 2024, Keakethia Bracken filed a complaint against the State of Wisconsin, dkt. no. 1, and asked the court for leave to proceed without prepaying the filing fee, dkt. no. 2. Although Nyla Manney is named as a co-plaintiff, Manney is not mentioned in the allegations and Manney did not sign the complaint. To date, Manney has not appeared.

      Bracken used the complaint form available to litigants proceeding without counsel; that form asks the litigants to identify who violated their rights, what each defendant did, when they did it, where it happened and why they did it. Dkt. No. 1 at 2. Bracken explained that she is suing the State of Wisconsin because someone perhaps named "Cameron Denhum" (the handwriting is difficult to decipher) caused her a "certainty dispare for [her] family (kids)." Id. She says that "[i]t has caused a depletion and world range of

1

emotions (most have suffered)." Id. The plaintiff asserts that she is "in a place of deracinate depression, and too this day (sufferage) years;" she says that her identity was forsaken and that "many know." Id. She alleges that she has had to "s[]uffer through portals around the Milwaukee area also with people as well dealing with obscene language, (and also) it's through [her] language (Maui)." Id. at 3. The plaintiff alleges that she "defenetly being, (sad to say) cast down as [she] tr[ies] to stop these recording that [she] had no clue of and as [she] hear[s] this present day." Id. She says she is hopeful that she is granted damages, "imberisment, harrsment, idenity crisies, rights denied (quout) Milwaukee St. Wisconsin." Id. She left blank the portion of the complaint which asked her to identify the relief she requests.

On June 20, 2024, Magistrate Judge Stephen C. Dries screened the complaint and recommended that this district court judge dismiss the complaint as frivolous and that it deny as moot Bracken's request to proceed without prepaying the filing fee. Dkt. No. 4. Judge Dries wrote:

> Bracken's complaint clearly is frivolous. She alleges that her rights have been violated by the State of Wisconsin, causing despair for her family, "depletion," and a range of emotions. ECF No. 1 at 2. She says she has "had to suffer through portals around the Milwaukee area," as well as obscene language. ECF No. 1 at 3. And she asserts that she is being "cast down" as she tries to stop unauthorized recordings that she still hears to this day. Bracken indicates that she hopes to be awarded damages for the embarrassment, harassment, identity crises, and rights violations she has suffered. It is clear from reading these confusing and fanciful allegations that "the case is going nowhere" and should be dismissed. *Weinschenk*, 818 F. App'x at 558 (quoting *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015)); *see also Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (explaining that courts need not grant leave to amend "[w]here it is clear that the defect [in the complaint] cannot be corrected").

Id. at 2. At the end of the order, Judge Dries advised the plaintiff that written objections to his report and recommendation could be filed within fourteen days of service and that failure to file objections would result in a waiver of the right to appeal. Id.

The Clerk of Court mailed Judge Dries's order to the plaintiffs at the address listed on the docket (3021 N. Palmer, Milwaukee Wisconsin). Bracken did not provide a separate address for Manney, and the order sent to Manney was returned as undeliverable. Dkt. No. 5. As mentioned above, Manney did not sign the complaint, pay a filing fee (or request leave to proceed without prepaying the filing fee) and was not mentioned in the allegations. The court has not located any other address for Manney. If she intended to join in the complaint, she needed to sign it and the local rules require that she provide an address and telephone number at which the court could contact her. General Local Rule 5(a)(4) (E.D. Wis.).

Federal Rule of Civil Procedure 72(c) says that if a party objects to a magistrate judge's recommended disposition of a case, the district judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to," and either "accept, reject, or modify the recommended disposition." The court has independently reviewed the complaint. The only name mentioned in the complaint is Cameron Denhum, but the complaint does not explain who Cameron Denhum is or his or her relationship with the State of Wisconsin. The court cannot determine from reviewing the allegations what the plaintiff believes happened to her, who harmed her (if she believes she has

3

been harmed), how she has been harmed or why. The complaint includes no dates or locations. The court simply cannot determine what the plaintiff believes happened or what she wants this court to do for her. In legal language, that means that the complaint "fails to state a claim."

Although the court normally allows a self-represented party to try to amend her complaint to cure the deficiencies the court has identified, the court need not give such leave when "any amendment would be futile or otherwise unwarranted." Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015) (quoting Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)). The court finds that amendment would be futile.

The court **DENIES AS MOOT** Keakethia Bracken's motion to proceed without prepayment of fees. Dkt. No. 2.

The court **ADOPTS** Judge Dries' report and recommendation. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of August, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**